ORIGINAL

# In the United States Court of Federal Claims

No. 18-382C

(Filed: June 15, 2018)

**(NOT TO BE PUBLISHED)**

FILED

JUN 1 5 2018

U.S. COURT OF
FEDERAL CLAIMS

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**DEBORAH BURNS,**

               **Plaintiff,**

    **v.**

**UNITED STATES,**

               **Defendant.**

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

    Deborah Burns, *pro se*, Houston, Texas.

    Adam E. Lyons, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, D.C., for defendant. With him on the briefs were Chad A. Readler, Acting Assistant Attorney General, Civil Division, Robert E. Kirshman, Jr., Director, and Deborah A. Bynum, Assistant Director, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, D.C.

## OPINION AND ORDER

LETTOW, Judge.

    Plaintiff, Deborah Burns, challenges decisions made by the United States District Court for the Eastern District of Wisconsin in a criminal case against her and by the United States Supreme Court in denying a writ of certiorari. *See* Compl. at 2, 4, 10, 15.[1] Ms. Burns brings claims of loss of liberty, false imprisonment, and injury from forcibly-administered tuberculosis vaccinations. Compl. at 2-3.[2] She attached to her complaint documents concerning federal regulations of chemicals and prior decisions of other courts. Compl. at 4-21. Ms. Burns seeks relief in the form of "reasonable housing of choice," $200,000,000 as compensation for 15 years of alleged false imprisonment, and $250,000 for each instance in which she was allegedly administered the tuberculosis vaccine without her consent. Compl. at 3. Pending before the

---

[1]Because the complaint is inconsistently paginated, citation will be to the sequential pagination rather than to the hand-written page numbers.

[2]*See Tuberculosis (TB)*, https://www.cdc.gov/tb/topic/basics/vaccines.htm (last visited June 1, 2018) (identifying tuberculosis vaccine).

7017 1450 0000 1346 2168

court is the government's motion to dismiss for lack of subject matter jurisdiction and for failure to state a claim pursuant to Rules 12(b)(1) and 12(b)(6) of the Rules of the Court of Federal Claims ("RCFC"). *See generally* Def.'s Mot. to Dismiss ("Def.'s Mot.").

## STANDARDS FOR DECISION

In any action, the plaintiff has the burden of establishing jurisdiction. *Reynolds v. Army & Air Force Exch. Serv.*, 846 F.2d 746, 748 (Fed. Cir. 1988). When ruling on a motion to dismiss for lack of jurisdiction, the court must "accept as true all undisputed facts asserted in the plaintiff's complaint and draw all reasonable inferences in favor of the plaintiff." *Trusted Integration, Inc. v. United States*, 659 F.3d 1159, 1163 (Fed. Cir. 2011). The leniency afforded a *pro se* plaintiff with respect to formalities does not relieve *pro se* litigants of their obligation to satisfy jurisdictional requirements. *Kelley v. Secretary, United States Dep't of Labor*, 812 F.2d 1378, 1380 (Fed. Cir. 1987).

In ruling on a motion to dismiss for failure to state a claim upon which relief can be granted, the court "must accept all well-pleaded factual allegations as true and draw all reasonable inferences in [plaintiff]'s favor." *Boyle v. United States*, 200 F.3d 1369, 1372 (Fed. Cir. 2000); *see also Pucciariello v. United States*, 116 Fed. Cl. 390, 400 (2014). But the plaintiff nonetheless must provide "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)); *see also A & D Auto Sales, Inc. v. United States*, 748 F.3d 1142, 1147 (Fed. Cir. 2014). In this connection, "[a] motion to dismiss . . . for failure to state a claim upon which relief can be granted is appropriate when the facts asserted by the claimant do not entitle him to a legal remedy." *Lindsay v. United States*, 295 F.3d 1252, 1257 (Fed. Cir. 2002).

"If a court lacks jurisdiction to decide the merits of a case, dismissal is required as a matter of law." *Gray v. United States*, 69 Fed. Cl. 95, 98 (2005) (citing *Ex parte McCardle*, 74 U.S. (7 Wall.) 506, 514 (1868); *Thoen v. United States*, 765 F.2d 1110, 1116 (Fed. Cir. 1985)); *Treviño v. United States*, 113 Fed. Cl. 204, 207 (2013) ("Where the court has not been granted jurisdiction to hear a claim, the case must be dismissed.") (citing *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006)); *see also* RCFC Rule 12(h)(3) ("If the court determines *at any time* that it lacks subject-matter jurisdiction, the court must dismiss the action.") (emphasis added).

## ANALYSIS

The Tucker Act provides this court with jurisdiction over "any claim against the United States founded either upon the Constitution or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a)(1). The Tucker Act waives sovereign immunity and allows a plaintiff to sue the United States for money damages, *see United States v. Mitchell*, 463 U.S. 206, 212 (1983), but it does not provide a plaintiff with substantive rights, *United States v. Testan*, 424 U.S. 392, 398 (1976). Rather, "a plaintiff must identify a separate source of substantive law that creates the right to money damages" to establish jurisdiction. *Fisher v. United States*, 402 F.3d 1167, 1172 (Fed. Cir. 2005) (en banc in relevant part) (citing *Mitchell*, 463 U.S. at 216; *Testan*, 424 U.S. at 398). That source of substantive law must be amenable to being "fairly . . . interpreted as mandating compensation

by the [f]ederal [g]overnment for the damage sustained." *Testan*, 424 U.S. at 400 (quoting *Eastport S.S. Corp. v. United States*, 372 F.2d 1002, 1009 (Cl. Ct. 1967)) (additional citation omitted). Because the Tucker Act does not grant this court jurisdiction to review the decisions of other courts, *see Joshua v. United States*, 17 F.3d 378, 380 (Fed. Cir. 1994), this court cannot hear Ms. Burns's claims concerning decisions made by the United States District Court for the Eastern District of Wisconsin and the United States Supreme Court. Thus, to the extent she seeks review of these decisions, her claims must be dismissed.

Ms. Burns's allegations related to loss of liberty and false imprisonment could be deemed to present claims under the Due Process Clauses of the Fifth and Fourteenth Amendments. *See Humphrey v. United States*, 52 Fed. Cl. 593, 598 (2002). "[T]he Due Process Clauses of the Fifth and Fourteenth Amendments . . . [are not] a sufficient basis for jurisdiction because they do not mandate payment of money by the government." *LeBlanc v. United States*, 50 F.3d 1025, 1028 (Fed. Cir. 1995). Consequently, these claims are outside this court's jurisdiction. *Smith v. United States*, 709 F.3d 1114, 1116 (Fed. Cir. 2013) ("The law is well settled that the Due Process Clauses of both the Fifth and Fourteenth Amendments do not mandate the payment of money and thus do not provide a cause of action under the Tucker Act.").

The court's jurisdiction does not extend to suits against private individuals, even where those individuals are officers or employees of the government. *See United States v. Sherwood*, 312 U.S. 584, 588 (1941); *Stephenson v. United States*, 58 Fed. Cl. 186, 190 (2003) (explaining that claims against government officials in their personal capacities cannot be maintained because "the only proper defendant for any matter before this court is the United States, not its officers, nor any other individual"). Thus, the court lacks jurisdiction over any claims Ms. Burns intends to assert against individual parties. *See Sherwood*, 312 U.S. at 588; *Stephenson*, 58 Fed. Cl. at 190.

Ms. Burns likewise fails to properly allege a claim of loss of liberty and false imprisonment under 28 U.S.C. § 1495. The court does have "jurisdiction to render judgment upon any claim for damages by any person unjustly convicted of an offense against the United States and imprisoned." 28 U.S.C. § 1495. In that regard, a plaintiff must prove:

> (1) His conviction has been reversed or set aside on the ground that he is not guilty of the offense of which he was convicted, or on new trial or rehearing he was found not guilty of such offense, as appears from the record or certificate of the court setting aside or reversing such conviction, or that he has been pardoned upon the stated ground of innocence and unjust conviction[,] and
>
> (2) He did not commit any of the acts charged or his acts, deeds, or omissions in connection with such charge constituted no offense against the United States, or any State, Territory or the District of Columbia, and he did not by misconduct or neglect cause or bring about his own prosecution.

28 U.S.C. § 2513(a). In practice, "[w]hen [an unjust conviction] suit is brought and no showing is made that the plaintiff has obtained the requisite certificate of innocence by the court, or pardon, this [c]ourt will not entertain the claim." *Humphrey v. United States*, 52 Fed. Cl. 593, 598 (2002). This court can only grant relief for an unjust conviction when the plaintiff's conviction "has been reversed or set aside on the ground that he is not guilty of the offense of

3

which he was convicted, or on new trial or rehearing he was found not guilty of such offense, . . . or that he has been pardoned upon the stated ground of innocence and unjust conviction." 28 U.S.C. § 2513(a)(1); *see also Veltmann v. United States*, 39 Fed. Cl. 426, 427 (1997). As Ms. Burns has not provided any evidence that would plausibly indicate she has a viable claim under Section 1495, her attempt to raise a claim under Section 1495 is unavailing.

Ms. Burns's assertions pertaining to an alleged "vaccine injury [resulting from] forced [tuberculosis] injection," *see* Compl. at 3, could be construed as asserting tort claims arising out of nonconsensual medical procedures, *see, e.g., Abdullahi v. Pfizer, Inc.*, 562 F.3d 163, 174-75 (2d Cir. 2009); *Estate of Alvarez v. Johns Hopkins Univ.*, 275 F. Supp. 3d 670 (D. Md. 2017). "The Tucker Act specifically excludes tort claims from the jurisdiction of this court." *Phang v. United States*, 87 Fed. Cl. 321, 326 (2009) *aff'd*, 388 Fed. Appx. 961 (Fed. Cir. 2010); 28 U.S.C. § 1491(a)(1). Thus construed, Ms. Burns's claims are outside this court's jurisdiction, and to the extent she seeks to raise claims relating to alleged tortious activity by the United States, these claims must be dismissed. *See, e.g., Phang*, 87 Fed. Cl. at 326.

Although the court has jurisdiction over vaccine injury claims, *see* National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, § 311, 100 Stat. 3743, 3755 (1986) (codified, as amended, at 42 U.S.C. §§ 300aa-1 to -34) ("Vaccine Act"), a Vaccine Act petitioner must sufficiently allege and establish a vaccine injury for which compensation is permitted, *see* 42 U.S.C. §§ 300aa-11(c)(1), 300aa-13(a)(1); *Adams v. Secretary of the Dep't of Health & Human Servs.*, 76 Fed. Cl. 23, 35 (2007). A Vaccine Act petitioner must identify the vaccine and consequential harms via affidavits and relevant medical records. 42 U.S.C. §§ 300aa-11(a), (c); RCFC App. B, Rules 2(c)(1)(A)(ii), 2(c)(2)(A). Ms. Burns alleges that the tuberculosis vaccinations she was administered "caused skin lesion[s] in the form of [tuberculosis]," but does not provide any further facts or supporting documents relating to the vaccine injury she alleges. Compl. at 3. Ms. Burns's bare assertion of harm resulting from tuberculosis vaccinations fails to state a Vaccine Act claim upon which relief may be granted, and accordingly must be dismissed. *See* Def. Mot. at 4-5.

## CONCLUSION

For the reasons stated, the government's motion to dismiss plaintiff's complaint is GRANTED. The clerk shall enter judgment in accord with this disposition.

No costs.

It is so **ORDERED**.

Charles F. Lettow
Judge